IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANKI CHIPMAN,<br>KRISTALL BUTTERS, | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | Case No. 2:10-cv-01016-DN-DBP |
| v. | District Judge David Nuffer |
| SABOL AND RICE,<br>DAVID CHRISTOPHER ROBERTSON, | Magistrate Judge Dustin B. Pead |
| Defendants. | |

## I. INTRODUCTION

This employment discrimination matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  Plaintiffs are Kristall Butters and Franki Chipman. Defendants are Sabol and Rice, as well as David Christopher Robertson, the owner of Sabol and Rice.

Before the Court is Plaintiffs' motion for relief from a protective order.  (Docket No. 107).  For the reasons below, the Court DENIES the motion.  (Docket No. 107.)

## II. BACKGROUND

On February 13, 2012, Magistrate Judge Samuel Alba entered a protective order stipulated to by the parties.  (Docket No. 51.)  The order permitted Defendants to designate as

confidential any discovery concerning their "proprietary or confidential business information . . . and employment records . . . ."  (*Id.* at 2.)  Such designated discovery cannot be "disclosed or used by the [p]arties for any purpose other than the preparation and trial of this case."  (*Id.* at 3.) Anyone possessing such discovery "shall not reveal or discuss" it "with any person not entitled to receive" it under the protective order.  (*Id.* at 6.)

On September 9, 2012, Plaintiffs filed a motion to release Defendants' confidential financial records to the Utah Attorney General's Office, which is not a party to this case. (Docket Nos. 107-08.)  The Utah Attorney General's office would like this information for Defendant Robertson's sentencing in an unrelated, criminal matter.  (Docket No. 107 at 1.) Specifically, the Utah Attorney General's Office would like these documents to "assist it in preparing for argument related to whether Defendant Chris Robertson's continued presence at Sabol & Rice is essential to maintain the company's financial condition and its employees' employment."  (Docket No. 108 at 3.)

## III. STANDARD OF REVIEW ON RELIEF FROM PROTECTIVE ORDERS

When a nonparty challenges a protective order, "the correct procedure" for such a challenge is intervention.  *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).  Where the modification sought is "unrelated to the litigation in front of the court," such modification is "disfavored" because the court lacks familiarity with, and control over, the collateral litigation.  *Id.* at 1428.

However, in general, the district court has broad discretion to modify a protective order. *Id.* at 1427.  Typically, the court's exercise of discretion requires weighing "the benefits of modification" against the "tangible prejudice" or "alleged injury" to the party opposing

modification.  *SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1272 (10th Cir. 2010).  Even so, the following "concerns overshadow the court's broad discretion." *Id.*  First, "deference should be paid to plain meaning" of the protective order.  *Id.* at 1271.  Second, the court "should be wary of" modifying an order where the opposing party justifiably relied on it. *Id.* at 1272.

Additionally relevant here, where the government seeks to modify a protective order, "courts have required a showing of unusual circumstances . . . or even extraordinary circumstances . . . ."  *Id.* at 1273 (noting the government's vast investigatorial resources and power for oppression," and stating "[t]he assertion of a law enforcement purpose is insufficient without more, to justify actions in derogation of a valid protective order.").

## IV. ANALYSIS OF MOTION TO MODIFY PROTECTIVE ORDER

Procedurally, Defendants oppose Plaintiffs' motion to modify the protective order because the Utah Attorney General's Office failed to intervene in this case.  (Docket No. 109 at 2.)  The Court agrees that, pursuant to *United Nuclear*, the Utah Attorney General's Office should seek permissive intervention to modify the protective order.  Plaintiffs cannot bypass this requirement on behalf of nonparties.

Defendants also substantively oppose Plaintiffs' motion.  They correctly note that the protective order's plain language prohibits the parties from disclosing confidential information for unrelated purposes, such as Defendant Robertson's criminal sentencing.  (*Id.*)  Defendants persuasively argue that they relied on this language when they produced the confidential financial records.  (*Id.*)  Moreover, Defendants note that Plaintiffs have failed to show "extraordinary circumstances" warranting disclosure to the Utah Attorney General's Office, which is a government entity.  (*Id.* at 3.)

Indeed, Plaintiffs fail to meet, much less cite the aforementioned legal requirements for modifying protective orders. Instead, Plaintiffs emphasize the disclosure of the confidential information will be "limited" to Defendant Robertson's sentencing.  (Docket No. 108 at 3.) They claim that, if Defendant Robertson does not argue that he needs to stay out of prison to keep Sabol & Rice running, "there will be no need to reference" the confidential materials.  (*Id.* at 3-4.)  This argument fails to suffice under the legal framework set forth above.

Absent the Utah Attorney General's Office intervention in this case, and absent Plaintiffs' ability to meet the legal requirements warranting modification of the protective order, the Court DENIES Plaintiffs' motion.  (Docket No. 107.)

IT IS SO ORDERED.

Dated this 3rd day of December, 2012.


Dustin B. Pead
United States Magistrate Judge